UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN SPANO,                                                    Civil Action No.:

                Plaintiff,                          COMPLAINT

      -against-

LINDENHURST APPLIANCES INC.,
GARY MERHIGE, and RICHARD MERHIGE,

                Defendants.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, STEVEN SPANO (hereinafter the "Plaintiff"), as and for his Complaint against Defendants, LINDENHURST APPLIANCES INC., GARY MERHIGE, and RICHARD MERHIGE (hereinafter collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. The Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter "NYLL"), and the supporting New York State Department of Labor Regulations of the New York Codes, Rules, and Regulations (hereinafter the "Regulations"), including 12 N.Y.C.R.R. § 142-2.2, to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over the Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the Plaintiff's FLSA claims that they form part of the same case or controversy.

4. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §

1

1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult individual residing in Levittown, New York.

6. Plaintiff was employed by Defendants as a stockperson, installer's assistant, and installer from in or around 2008 until on or about September 24, 2016.

7. The Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

8. Defendant Lindenhurst Appliances Inc. (hereinafter "Lindenhurst Appliances") is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, at all relevant times, Defendant Lindenhurst Appliances has maintained, and still maintains, a place of business located at 3137 Hempstead Turnpike, Levittown, New York.

10. Upon information and belief, at all relevant times, Defendant Lindenhurst Appliances has operated, and still operates, Jay's Appliances store located at 3171 Hempstead Turnpike, Levittown, New York 11756.

11. Upon information and belief, at all relevant times, Defendant Gary Merhige was, and still is, an adult individual residing in the State of New York.

12. Upon information and belief, at all relevant times, Defendant Gary Merhige was, and still is, a corporate officer of Defendant Lindenhurst Appliances.

13. Upon information and belief, at all relevant times, Defendant Gary Merhige exercised operational control over Defendant Lindenhurst Appliances, controlled significant business functions of Lindenhurst Appliances, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Lindenhurst Appliances in devising, directing,

implementing, and supervising the wage and hour practices and policies relating to the employees, including the Plaintiff.

14. At all relevant times, Defendant Gary Merhige managed and supervised the Plaintiff and his work for Defendants.

15. As such, at all relevant times, Defendant Gary Merhige has been an employer under the FLSA and the NYLL.

16. Upon information and belief, at all relevant times, Defendant Richard Merhige was, and still is, an adult individual residing in the State of New York.

17. Upon information and belief, at all relevant times, Defendant Richard Merhige was, and still is, a corporate officer of Defendant Lindenhurst Appliances.

18. Upon information and belief, at all relevant times, Defendant Richard Merhige exercised operational control over Defendant Lindenhurst Appliances, controlled significant business functions of Lindenhurst Appliances, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Lindenhurst Appliances in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees, including the Plaintiff.

19. At all relevant times, Defendant Richard Merhige managed and supervised the Plaintiff and his work for Defendants.

20. As such, at all relevant times, Defendant Richard Merhige has been an employer under the FLSA and the NYLL.

## FACTS

21. At all times relevant to this action, the Plaintiff was employed by Defendants and performed work as a stockperson, installer's assistant, and installer for the benefit of and at the

direction of Defendants.

22. Defendant Gary Merhige participated in the decision to hire Plaintiff.

23. Defendant Gary Merhige participated in deciding the job duties that Plaintiff would perform on a daily basis.

24. Defendant Gary Merhige participated in the supervision of Plaintiff's duties.

25. Defendant Gary Merhige participated in setting the Plaintiff's work schedule.

26. Defendant Gary Merhige participated in deciding the hours that Plaintiff would work each week.

27. Defendant Gary Merhige participated in deciding the manner in which Plaintiff was paid during his employment.

28. Defendant Gary Merhige participated in deciding the Plaintiff's hourly rate of pay during his employment.

29. Defendant Gary Merhige participated in the decision to pay Plaintiff partly by check during his employment.

30. Defendant Gary Merhige participated in the decision to pay Plaintiff partly in cash during his employment.

31. Defendant Gary Merhige participated in running the day-to-day operations of Defendant Lindenhurst Appliances during the Plaintiff's employment.

32. Defendant Gary Merhige supervised the Plaintiff on a regular basis during his employment.

33. Defendant Gary Merhige managed the Plaintiff and directed him in the performance of his job duties as a stockperson, installer's assistant, and installer during his employment.

34. Defendant Richard Merhige participated in the decision to hire Plaintiff.

35. Defendant Richard Merhige participated in deciding the job duties that Plaintiff would perform on a daily basis.

36. Defendant Richard Merhige participated in the daily supervision of Plaintiff's duties.

37. Defendant Richard Merhige participated in setting the Plaintiff's work schedule.

38. Defendant Richard Merhige participated in deciding the hours that Plaintiff would work each week.

39. Defendant Richard Merhige participated in deciding the manner in which Plaintiff was paid during his employment.

40. Defendant Richard Merhige participated in deciding the Plaintiff's hourly rate of pay during his employment.

41. Defendant Richard Merhige participated in the decision to pay Plaintiff partly by check during his employment.

42. Defendant Richard Merhige participated in the decision to pay Plaintiff partly in cash during his employment.

43. Defendant Richard Merhige participated in running the day-to-day operations of Defendant Lindenhurst Appliances during the Plaintiff's employment.

44. Defendant Richard Merhige supervised the Plaintiff on a daily basis during his employment.

45. Defendant Richard Merhige managed the Plaintiff and directed him in the performance of his job duties as a stockperson, installer's assistant, and installer during his employment.

46. During the last six years of his employment, Plaintiff worked 5 days each workweek.

47. During this time period, Plaintiff worked from 8:00 a.m. until 8:30 p.m. on Monday

through Friday or Tuesday through Saturday each workweek.

48. During this time period, Plaintiff was not given any uninterrupted meal breaks of more than 15 minutes at a time.

49. During this time period, Plaintiff worked 62.5 hours each workweek.

50. During this time period, Plaintiff was paid by the hour.

51. During this time period, Plaintiff was only paid straight time at his hourly rate of pay for all hours that he worked each workweek.

52. During this time period, Plaintiff was paid by check and in cash on a weekly basis.

53. During this time period, Plaintiff always worked more than forty (40) hours each workweek but was never paid overtime compensation by Defendants.

54. During this time period, Defendants did not pay Plaintiff one and one-half times his regular rate of pay when he worked more than forty (40) hours each workweek.

55. During this time period, Defendants failed to maintain accurate time records of all hours that the Plaintiff worked each week.

56. During this time period, Defendants only maintained time records for the hours that the Plaintiff worked at Defendants' Jay's Appliance store location.

57. From in or around 2011 until the end of his employment on or about September 26, 2016, Defendants directed Plaintiff to only record the hours that he worked inside the Jay's Appliance store location only.

58. During the last six years of his employment, Defendants required Plaintiff to work at the Jay's Appliance store location as well as work as an installer's assistant and an installer of appliances.

59. During this time period, Defendants often required Plaintiff to leave the Jay's

Appliance store and go to customer's homes to install appliances and then come back to the store to work.

60. Defendants failed to maintain accurate time records of the hours that Plaintiff performed working as an installer's assistant and an installer for Defendants outside of their Jay's Appliances store location.

61. During this time period, Plaintiff did not receive a wage notice showing his regular rates of pay, hourly rates of pay or his overtime rates of pay.

62. During this time period, Plaintiff did not receive a written statement with his wages that included his actual regular rate of pay, his hourly rate of pay, his overtime rate of pay, and the total number of hours that he worked each workweek.

63. During this time period, Defendants issued paystubs to Plaintiff on a weekly basis that did not reflect the total amount of hours worked by the Plaintiff each workweek.

64. During this time period, Defendants issued paystubs to Plaintiff on a weekly basis that did not reflect Plaintiff's overtime hours worked or his overtime rate of pay.

65. During this time period, Defendants issued paystubs to the Plaintiff on a weekly basis which only reflected the amount paid to Plaintiff at his hourly rate of pay for the hours that he worked at Defendants' Jay's Appliances store location and did not reflect the hours that he worked as an installer's assistant or an installer each week.

66. During this time period, Plaintiff was only paid straight time for all hours that he spent each week performing installations.

67. During this time period, Plaintiff was only paid straight time for all hours that he spent each week working at the Jay's Appliances store location.

68. During this time period, Defendants managed the Plaintiff's employment, including

the amount of overtime that he worked each workweek.

69. During the entire period of the Plaintiff's employment, Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

70. During his employment, Plaintiff made complaints to Defendants about not being paid overtime compensation, but his complaints were ignored.

71. During the entire period of his employment, Defendants were aware of the Plaintiff's work hours, but failed to pay the Plaintiff the full amount of wages to which he was entitled each week for this work time under federal and state laws.

72. Defendants' failures to pay the Plaintiff proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for the Plaintiff's rights; and the Plaintiff has been damaged, and continues to be damaged, by such failures.

## COUNT I

### FLSA Overtime Wage Claim

73. The Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

74. At all times relevant to this Complaint, each Defendant was, and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

75. At all times relevant to this Complaint, Defendants "employed" the Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

76. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

77. At all times relevant to this Complaint, Defendants had, and continue to have, employees who handle goods or materials that have moved in interstate commerce, including the Plaintiff who worked as an installer for Defendants.

78. At all times relevant to this Complaint, Defendant Lindenhurst Appliances was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

79. Upon information and belief, the gross annual volume of sales made or business done by Defendant Lindenhurst Appliances for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

80. As such, Defendant Lindenhurst Appliances was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

81. At all times relevant to this action, the Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

82. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

83. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

84. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

85. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

86. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

87. Defendants have not acted in good faith with respect to the conduct alleged herein.

88. As a result of Defendants' violations of the FLSA, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NYLL Overtime Wage Claim

89. The Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

90. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

91. At all times relevant to this Complaint, the Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

92. At all times relevant to this Complaint, Defendants employed the Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the Regulations pertaining thereto.

93. At all times relevant to this Complaint, the Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

94. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

95. By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

96. By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

97. The Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

98. Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

99. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III

### NYLL 195(1) Failure to Provide Wage Notices Claim

100. The Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

101. Defendants willfully failed to furnish the Plaintiff with wage notices during his employment as required by NYLL § 195(1), which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

102. Through their knowing and intentional failure to provide the Plaintiff with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

103. Due to Defendants' willful violations of the NYLL, the Plaintiff is each entitled to recover statutory penalties of fifty dollars ($50.00) for each workweek prior to February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV

### NYLL 195(3) Failure to Provide Wage Notices Claim

104. The Plaintiff alleges, re-alleges and incorporates by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

105. Defendants willfully failed to provide the Plaintiff with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

106. Through their knowing and intentional failure to provide the Plaintiff with proper wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

107. Due to Defendants' willful violations of the NYLL, the Plaintiff is each entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week that Defendants failed to provide the Plaintiff with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of the Plaintiff, for a sum that will properly, adequately, and completely compensate the Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiff;
2. Willfully violated the overtime provisions of the FLSA;
3. Violated the provisions of the NYLL by failing to pay overtime wages to the Plaintiff; and/or
4. Willfully violated the overtime provisions of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs and attorneys' fees incurred in prosecuting this action, as well as liquidated damages under the FLSA and the NYLL; and

E. Grant the Plaintiff such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 17, 2016

By: _____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Spano, Steven v. Lindenhurst Appliances Inc</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
      February 17, 2017

*[signature]*
Steven J. Spano